IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

**FILED**

MAR 07 2012

PATRICK E. DUFFY CLERK
BY_____
Deputy Clerk
U.S. DISTRICT COURT
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 08-72-BLG-RFC |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING RECONSIDERATION AND DENYING CERTIFICATE OF APPEALABILITY |
| RUBEN COTA-BECERRA, | |
| Defendant/Movant. | |

On February 23, 2012, Defendant/Movant Ruben Cota-Becerra's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 was denied, as was a certificate of appealability.

On March 2, 2012, and again on March 5, 2012, Cota-Becerra ("Cota") submitted documents that I will construe, for the most part, as motions for reconsideration under Fed. R. Civ. P. 60(b). For the most part, Cota reiterates the allegations he made in the Certification he filed in support of his § 2255 motion. The § 2255 motion was denied under Rule 4 of the Rules Governing § 2255 Proceedings, without a response by the United States, because Cota's allegations are contradicted by the record of the case. Cota's motions do not change that fact.

ORDER / PAGE 1

In one respect, Cota alleges a new claim. Because the new claim was presented after his § 2255 motion was denied, it is technically a second or successive claim. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Were the new claim to be construed as a motion to amend the § 2255 motion, it would be denied as futile. Cota asserts that he did not have at least seven days before sentencing to review "the 'Revised' Secondary" Presentence Report, Mem. (doc. 75) at 3. The record does not reflect when the Presentence Report was presented to the parties, *see* Fed. R. Crim. P. 32(e)(1), but it was on or before August 12, 2009, Order Setting Sentencing (doc. 45) at 2 ¶ 3; Fed. R. Crim. P. 32(e)(2). The parties then had fourteen days to raise any objections with the probation officer who prepared the report. Order Setting Sentencing at 2 ¶ 5; Fed. R. Crim. P. 32(f)(1). The United States had no objections. The probation officer considered Cota's objections, but she believed the report was correct as written. Fed. R. Crim. P. 32(f)(3). She prepared an addendum that set forth Cota's unresolved objections and stated her position. At that point, on or before September 4, 2009, she provided a copy of the report and the addendum to the parties and to the Court. Order Setting Sentencing at 2 ¶ 6; Fed. R. Crim. P. 32(g). The Addendum stated:

> This Probation Officer has noted the Defense Counsel's objections and statements. Due to reports received from investigative agents, and previously prepared Presentence Reports on co-defendant's [sic] it is

reasonably foreseeable that Ruben Cota-Becerra should be held responsible for the drug amount calculated as well as the role enhancement and the obstruction of justice enhancement. The Presentence report will remain as prepared. Arguments can be made before the court and a final decision can be determined at that time.

Presentence Report Addendum at 2.

On September 11, 2009, Cota filed his Sentencing Memorandum, and on September 15, 2009, the United States filed one as well. Memoranda (docs. 52, 53). This was too late to comply with the Order Setting Sentencing, *id.* at 2 ¶ 7. I do not complain about that as often as I should, but it is not a Rule 32 violation, and it did not prejudice Cota. At sentencing, Cota verified that he had reviewed the Presentence Report with counsel:

| The Court: | Mr. Cota, have you had an opportunity to review the presentence report that was prepared in this case? |
| --- | --- |
| Cota: | Yes, sir. |
| The Court: | Did you have an opportunity to review it with Mr. Obie, your lawyer? |
| Cota: | Yes, sir. |

Sentencing Tr. at 4:24-5:4; Fed. R. Crim. P. 32(i)(1)(A). There was no Rule 32 violation.

Finally, Cota implies there is something nefarious about his having been sentenced without a written plea agreement to "uphold" it. Mem. (doc. 75) at 5. A

plea agreement is not required for a defendant to plead guilty. In any case, I and other judges in the District of Montana generally do not accept plea agreements that dictate a sentence, and we are not required to do so. Fed. R. Crim. P. 11(c)(1).

Cota presents no sound basis for reconsidering the Order of February 23, 2012. Even assuming his new claim is not second or successive, it is based on a misunderstanding of how things work and does not make a substantial showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2). There are no open questions, and there is no reason to encourage further proceedings. A COA is not warranted on any issue. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Cota-Becerra's post-judgment motions (docs. 75, 76) are DENIED.

2. A certificate of appealability is DENIED.

3. Other than a notice of appeal, no motions for reconsideration, amendment, or of any other kind will be filed as to the § 2255 motion.

DATED this 12th day of March, 2012.

Richard F. Cebull, Chief Judge
United States District Court